# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUIS PADIN,                     )
                                  )

            Plaintiff,        )
                                  )

vs.                            )     Case No. 19-cv-00504-NJR
                                  )

JUSTIN KEMPFER,         )
DUDZINSKI,               )
BRADLEY WARHOUSEN,     )
DANE T. WELLS,          )
JOHN POWELL,           )
CHRISTOPHER ROTH,      )
JOHN CARAWA,           )
JOSHUA MEADE,          )
WESLEY COWAN,          )
SEAN A. STARKWEATHER,   )
KRAMER,                  )
TYLER JONES,            )
LANCE PHELPS, and       )
JOHN DOES,               )
               Defendants.     )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Luis Padin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff alleges that Defendants subjected him to cruel and unusual punishment by beating him severely and failing to intervene during the assault. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

A Complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim must cross "the line between possibility and plausibility." *Id.* at 557. On screening, the Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

## THE COMPLAINT

In the Complaint, Plaintiff alleges the following: On or around February 19, 2018, following an incident in the yard at Menard, he was handcuffed and taken to the Health Care Unit. (Doc. 1, p. 2). After being examined by a nurse, Plaintiff was then beaten by Menard officers: Kempfer, Dudzinski, Warhausen, Wells, Powell, Roth, Carawa, Meade, Cowan, Starkweather, Kramer, Jones, and Correction Officers John Does. *Id.* After the attack, Plaintiff was taken to North Two Cell House basement where he was repeatedly beaten again. *Id.,* p. 3. This went on long enough that individual defendants would leave the room for "a short period of time, then return multiple times" to continue the assault. *Id.,* p. 3. As a result, Plaintiff incurred physical injuries and continues to suffer from fear, emotional distress, anxiety, and pain. *Id.,* p. 4.

## DISCUSSION

In connection with these allegations, Plaintiff brings two claims:

**Count 1:** Eighth Amendment excessive force claim against Kempfer, Dudzinski, Warhausen, Wells, Powell, Roth, Carawa, Meade, Cowan, Starkweather, Kramer, Jones, and John Does.

**Count 2:** Eighth Amendment failure to intervene claim against Kempfer, Dudzinski, Warhausen, Wells, Powell, Roth, Carawa, Meade, Cowan, Starkweather, Kramer, Jones, John Does, and Phelps.

Without commenting on the merits of Plaintiff's claims, the Court finds that Counts 1 and 2 survive preliminary review under 28 U.S.C. § 1915A.

### IDENTIFICATION OF JOHN DOE

Plaintiff will be allowed to proceed with Counts 1 and 2 against the unknown individuals identified generically as John Doe Correctional Officers. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009) (prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants). The unknown defendants must be identified with particularity, however, before service of the Complaint can be completed. Frank Lawrence, Acting Warden of Menard, will therefore be added as a party in his official capacity only for purposes of responding to discovery aimed at identifying the unknown defendants associated with Menard. Guidelines for discovery will be established by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

The Clerk is **DIRECTED** to **ADD FRANK LAWRENCE, ACTING WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only), as a defendant in the Case Management/Electronic Case Filing ("CM/ECF") system. The Warden must promptly respond to any discovery aimed at identifying the Doe defendants with particularity.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **KEMPFER, DUDZINSKI, WARHAUSEN, WELLS, POWELL, ROTH, CARAWA,**

**MEADE, COWAN, STARKWEATHER, KRAMER, JONES, and JOHN DOES**, and **COUNT 2** shall receive further review as to **KEMPFER, DUDZINSKI, WARHAUSEN, WELLS, POWELL, ROTH, CARAWA, MEADE, COWAN, STARKWEATHER, KRAMER, JONES, JOHN DOES, and PHELPS.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel will be responsible for completing service of process in this case.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

**DATED:  May 16, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**